HOWE v. MICHELSEN et al.

No. 7397  Decided January 2, 1951.  (225 P. 2d 735.)

See 25 C. J. Sales, Sec. 179. Construction of contractual terms as to quantity, see note, 27 A. L. R. 127. See, also, 46 Am. Jur. 330, et seq.

*E. D. Sorenson, O. A. Tangren,* Salt Lake City, for appellant.

*Edwin D. Hatch,* Salt Lake City, for respondent.

McDONOUGH, Justice.

Plaintiff sued defendants to recover $2139.32 as the alleged purchase price of livestock feed. By separate answer, defendant Maurice R. Michelsen denied that plaintiff owned the full amount claimed to have been sold, and said defendant alleged that he owed only $556 which he tendered into court. He further alleged that plaintiff was liable for attorney fees for an attempt to deprive him of hay and grain sold under a prior contract involving the sale of land and personalty. Defendant June M. Michelsen denied that she made any contract to purchase the livestock feed allegedly sold, and the action was dismissed as to her. Judgment was granted in accordance with the prayer of the answer of Maurice R. Michelsen. Plaintiff appeals from such judgment as rendered.

On September 4, 1947, plaintiff and wife, as sellers, and

defendants as buyers, executed a preliminary contract for the sale and purchase of a dairy ranch and certain personalty situated in Wasatch county. Among the properties to be included in the sale were the following: "50% of all hay and grain produced (Estimate total 150 tons of hay) Approximately 1250 bushels of grain (Total 2500 bushels)."

A final contract of sale was executed by the parties under date of November 7, 1947, which includes in the description of properties:

"One-half of all hay and grain produced on the above described farm during the year 1947, estimated at total hay raised, 150 tons; total grain so raised, 2500 bushels."

The final contract further provides:

"(b) That the hay and grain aforesaid shall be equally divided between the seller and the buyer immediately upon and following the execution of this agreement, and delivery of the same shall be mutually made."

The bill of sale executed by plaintiff and his wife in connection with said final contract of sale, dated November 7, 1947, recites that sellers

"hereby sell, assign and transfer unto Maurice R. Michelsen and June H. Michelsen, his wife, all our right, title, and interest in and to the following personal property, to-wit: * * * one-half of all hay and grain produced on the farm described in said contract during the year 1947, estimated at 150 tons of hay and 2500 bushels of grain; * * *."

On November 9 and 16, 1947, the parties met for the purpose of segregating the crops, and on measurement found that instead of 150 tons of hay there were then only 85 tons, and instead of 2500 bushels of grain there were then only 1600 bushels. On January 5, 1948, defendant Maurice R. Michelsen orally agreed to purchase plaintiff's portion of the feed. Plaintiff thereupon prepared the memorandum in question which was subsequently signed by defendant Michelsen. Said memorandum shows the unit prices per ton and per bushel, and the quantities of hay and grain found on the premises in November 1947. On the basis of those quantities plaintiff

extended the unit prices, and included one-half thereof in the final computation of $2129.32. There are some items of feed which were owned by plaintiff and which defendant Michelsen agreed to purchase, which had no connection with the 1947 crops.

According to defendant's testimony the list was prepared by plaintiff and submitted to defendant who signed it with the understanding that it be presented to his father who would check it with the contract, and if correct, payment would be made. Plaintiff contradicted such testimony in part, but admitted that he did take the memorandum to defendant's father who was an officer of a bank and asked for payment; that the father promised to make payment, although he later said the amounts were not correct and did not conform to the contract. The elder Michelsen testified that he informed plaintiff that the items would have to be checked with the contract; that when plaintiff later returned he told plaintiff the list was not in accordance with the contract for the sale of real estate and personal property; and that at the time the preliminary contract was made in September 1947 plaintiff had assured him and defendants that there would be 150 tons of hay and 2500 bushels of grain, and one-half thereof would be included in the sale to defendants.

Plaintiff left the bank and did not return for further computation, but began suit for $2129.32, claiming that there was a definite contract with defendants whereby they agreed to pay plaintiff said sum. On this appeal, plaintiff complains of the refusal of the trial court to enter judgment for the full amount claimed. He argues that the evidence requires a finding that defendant Maurice R. Michelsen became indebted in the sum of $2129.32 on January 5, 1948. Plaintiff also alleges error for allowance of $250 attorney's fees for defending the suit.

We find substantial competent evidence in the record

to sustain the judgment as to the amount defend-
ant Michelsen owed plaintiff for the balance of hay
and grain not included in the prior contract of sale.
Defendants pleaded the contract for the sale of land and
personalty, including preliminary sale agreement, on the
theory that they were entitled to approximately 75 tons of
hay and 1250 bushels of grain as part of the subject-mat-
ter of the contract for the sale of land and personalty.
The memorandum which plaintiff contends is a written
contract, sets out the price per ton and price per bushel,
so it is clear that defendant Michelsen did not agree to
pay any greater unit price. The memorandum contains no
promise to pay, nor any promise to purchase.

The question is, How much hay and grain did plaintiff
own and have a right to sell when the memorandum was
made? On January 5, 1948, when plaintiff prepared said
memorandum, defendants apparently did not have their
copy of the land contract with them. The evidence in-
dicates that the elder Michelsen had it at the bank where
payments were to be made. Even if there had been a
specific agreement to purchase the number of tons of hay
and the number of bushels of grain shown on the memo-
randum, defendant Michelsen could not be required to pay
for any more than plaintiff actually owned. If plaintiff
owned less than the amount he attempted to sell, there
would have been a partial failure of consideration, in the
event there had been an express contract for the amount
specified by plaintiff, inasmuch as the computation was
based upon a unit price per ton and a unit price per bushel.
How much plaintiff then owned or had a right to sell would
necessarily depend on how much hay and grain defendants
were entitled to receive under the agreement for the sale
of land and personalty hereinabove mentioned.

The preliminary sale agreement contains the following,
as above indicated: "50% of all hay and grain produced

(Estimate total 150 tons of hay) Approximately 1250 bushels of grain (Total 2500 bushels)." The final contract of sale specifies: "One-half of all hay and grain produced on the above described farm during the year 1947, estimated at total hay raised, 150 tons; total grain so raised, 2500 bushels." Plaintiff contends that such statements constitute mere estimates and had nothing to do with the actual consideration for the sale of land and personalty. He stresses the words "estimated" and "approximately," and he argues that the use of such words does not amount to a promise to furnish those quantities, but merely indicate a guess as to how much might be produced during 1947.

We believe that the argument of plaintiff is unsound. The agreement for the sale of land and personalty included "One-half of all hay and grain produced on the above described farm during the year 1947, estimated at total hay raised, 150 tons; total grain so raised, 2500 bushels." According to plaintiff's interpretation, defendants were entitled to only one-half of the hay and grain *remaining* at the time they took possession on November 10, 1947, instead of one-half of the hay and grain *produced* during the year 1947. The plaintiff remained in possession of the land and personalty for a period of two months after the preliminary sale contract was executed, during which time he admittedly used some of the hay and grain which constituted the 1947 crops. After plaintiff had used some of the 1947 crops, upon surrender of possession to defendants in November 1947 it was discovered that only 85 tons of hay and 1600 bushels of grain remained of those crops. Instead of allowing defendants 75 tons of hay, plaintiff would allow only 42½ tons, and instead of 1250 bushels of grain he would allow defendants only 800 bushels. Thus, in view of plaintiff's proposed construction of the contract for the sale of land and personalty, if possession had been further delayed until plaintiff had used up all hay and grain *produced* during 1947, defendants would have

been divested of all right to the hay and grain described in the bill of sale dated November 7, 1947.

The subject-matter of sale of land and personalty in the contract of November 7, 1947, was described in considerable detail. If plaintiff did not intend that defendants should receive approximately 75 tons of hay and approximately 1250 bushels of grain as part of the consideration for the purchase price, there would have been no occasion to indicate quantities at all. It is true that the parties did not specify quantities with exactitude, and had the quantities varied from the estimates stated by less than a significant percentage, there would have been no basis for controversy.

The memorandum of January 5, 1948, contains no promise to pay, and it constitues no contract. It consists of a computation of prices and extensions based on the quantities found on November 9 and 16, 1947, when the parties took measurements. Nor could the memorandum be construed to show any intent to modify the agreement for the sale of land and personalty. It does not even refer to such prior sale. If plaintiff thereby sought to make a new contract which was inconsistent with the prior sale contract, he failed to accomplish such a purpose, for there was no meeting of the minds on any such subject.

It was a sufficient defense for defendant Michelsen to plead that plaintiff did not then own all of the property which he purported to be selling. Since the unit prices per ton and per bushel were definite, the amount actually due was merely a matter of computation on the basis of the actual quantities owned by plaintiff. It was proper for the trial court to conclude that defendants had already purchased 75 tons of the 85 tons of hay and 1250 bushels of the 1600 bushels of grain which remained on the land in November 1947 when the plaintiff surrendered pos-

session to defendants, and that on January 5, 1948, plaintiff had left to sell only 10 tons of hay and only 350 bushels of grain from the 1947 crops.

The one assignment of error which has merit relates to allowance of $250 attorney fees to defendant Michelsen for defending the action. This suit was not instituted on the written contract for the sale of the real and personal property, which contract contains a provision for payment of counsel fees. The plea relative to the contract of sale, was designed not to obtain a judgment to enforce the contract, but to establish the amount of personal property which defendant Michelsen and wife had previously purchased in order to prove how much less hay and grain plaintiff owned on January 5, 1948, than he claimed in this action to have owned and sold on that date. No counterclaim was asserted on the written contract. Such document and the bill of sale could have been introduced in evidence without pleading them, for the purpose of showing the quantities previously purchased by defendants and also to show that 75 tons of hay and 1250 bushels of grain were in the possession of defendants under said bill of sale nearly two months before the sale which occurred on January 5, 1948. Plaintiff did not seek to set aside the written agreements pertaining to the sale of land and personalty. The written instruments being evidentiary as to the quantities previously purchased, there was no basis for invoking the provision of the written contract dated November 7, 1947, for an award of counsel fees.

The judgment of the district court is modified by striking therefrom the award of $250 counsel fees to defendant Michelsen, and by awarding the plaintiff the full amount tendered into court. As so modified the judgment is affirmed. Each party shall pay his own costs on appeal.

PRATT, C. J., and WADE, WOLFE, and LATIMER, J., concur.